UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.    CR-08-0137-WFN-29 |
| Respondent, | ) | CV-11-0332-WFN |
| | ) | |
| -vs- | ) | ORDER |
| | ) | |
| DANIEL ALLEN FLAHERTY, | ) | |
| Movant. | ) | |
| | ) | |

Before the Court is Mr. Flaherty's *pro se* 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (ECF No. 2357). The Court issued an Order on December 14, 2011, which permitted Defendant to amend his original § 2255 Motion and accepted Mr. Flaherty's supplement briefing the statute of limitations issue.  Mr. Flaherty filed a Memorandum of Law on January 9, 2012, that further explained his position on the statute of limitation and his § 2255 Motion.

**DISCUSSION**

Mr. Flaherty argues that the Supreme Court's decision in *Bond v. United States*, 131 S. Ct. 2355 (2011) created a newly recognized right permitting him to file a § 2255 Motion attacking his underlying conviction and permitting filing of a § 2255 after expiration of the one year statute of limitations.  The Court disagrees.  *Bond* did not create a newly recognized right that would extend the statute of limitations as it had no effect on the statute of conviction.  Further, Mr. Flaherty did not plead facts sufficient to provide a basis for equitable tolling.  The Court has reviewed the file and the Motion and concludes the Motion is untimely.

ORDER - 1

**CERTIFICATE OF APPEALABILITY**

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2004). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.*

Based on the Court's preceding analysis, the Court concludes that Mr. Flaherty has made a substantial showing of a denial of a constitutional right due to the lack of case law regarding the impact of *Bond*. Thus, a certificate of appealability should issue. Accordingly,

**IT IS ORDERED** that Mr. Flaherty's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, filed December 5, 2012, **ECF No. 2357**, is **DENIED with prejudice.**

The District Court Executive is directed to:

- File this Order and provide copies to Mr. Flaherty and to the Government;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; and
- **CLOSE** the corresponding civil file, **CV-11-0332-WFN**.

**DATED** this 24th day of May, 2012.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

05-24-12

ORDER - 2