FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     -vs-<br><br>DANIEL ALLEN FLAHERTY,<br><br>                    Defendant. | No.    2:08-CR-0137-WFN-29<br><br>ORDER REDUCING SENTENCE |

The Court heard argument on Defendant's Motion to Reduce Sentence, ECF No. 2923, at a motion hearing on March 3, 2021.  The Defendant waived his presence, ECF No. 2964, but was represented by Jason Carr; Assistant United States Attorney Earl Hicks represented the Government.

The parties agree that Defendant has exhausted his claim with the Bureau of Prisons [BOP].  Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)."  18 U.S.C. § 3582(c)(1)(A).  As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

Defendant has demonstrated compelling reasons warranting a sentence reduction. Defendant suffers from degenerative kidney disease. Not only does this condition increase his risk of serious illness or death if he contracts COVID-19; but also, due to the overwhelming medicals needs caused by the COVID-19 pandemic, Defendant has not had access to adequate medical care for his degenerative disease.

ORDER - 1

Defendant has served more than half his sentence and used his time in custody to rehabilitate.  The Court originally sentenced Defendant to 276 months of incarceration.  The sentence was later reduced to 262 months pursuant to Amendment 782.  According to the BOP's website, Defendant's release date is April 2, 2027.  He has served approximately 68% of his sentence.  During his time in custody, Defendant demonstrated remarkable rehabilitation.  Not only has he taken many college courses, but he also has a near flawless record of compliance in BOP custody and has a position of trust as a farm driver and clerk for which he has been issued an indefinite furlough to complete his job duties.

The Government acknowledges that Defendant's medical condition causes heightened risk of serious illness and death from the COVID-19 pandemic but argues that Defendant's risk to the public outweighs the risk to him.  The Court recognizes that Defendant has a serious criminal history.  Defendant earned his first conviction at the age of 15.  He incurred several theft convictions before moving to multiple drug distribution convictions and possession of a firearm.  In his conduct underlying the current conviction, Defendant distributed pounds and pounds of methamphetamine over the course of a couple of years.  However, in light of Defendant's age and post-conviction rehabilitation, the Court concludes that Defendant does not pose a danger to the safety of any other person or the community.

Defendant has presented compelling reasons for a modification of his sentence.  Therefore, the Court grants compassionate release under 18 U.S.C. §3582(c)(1)(A) and reduces the time of incarceration to time served.  Defendant will begin his ten year term of supervised release under the conditions imposed in his original judgment.  Defendant requests home confinement upon release.  To better facilitate re-entry into the community, the Court will add the additional condition of residence at a Residential Reentry Center [RRC] for a period of up to 180 days.  Placement at the RRC will allow Defendant access to required medical care and resources such as treatment if necessary but will also provide more structure than home confinement while Defendant re-adjusts to life in the community.  The Court has reviewed the file and Motion and is fully informed.  Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Reduce Sentence, filed December 17, 2021, **ECF No. 2923**, is **GRANTED**.

2. Defendant's sentence is reduced to **time served**, with **ten years of supervised release** as reflected in the concurrently filed Amended Judgment. All previously imposed terms of supervised release shall remain as imposed. In addition, the Court adds the following condition:

> You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. You must abide by the rules and requirements of the facility.

3. This order is stayed for up to **ten** days for placement at the RRC, to allow Defendant to make appropriate travel arrangements, and to ensure Defendant's safe release. Defendant shall be released in a timely manner to allow him report to the RRC on his assigned bed date, taking into account the time necessary for him to travel from Lompoc.

The District Court Executive is directed to file this Order and provide copies to counsel and to the United States Probation Office.

**DATED** this 8th day of March, 2021.

03-04-21

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3